(No. 00031—Claimant

CHRISTINA CARR, as wife of LORING CARR, deceased, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed February 19, 1974.*

SUDDES, DAVIS & WITTMAN, Attorneys for Claimant.

WILLIAM J. SCOTT, Attorney General; WILLIAM E. WEBBER, Assistant Attorney General, and VINCENT BISKUPIC, Special Assistant Attorney General, for Respondent.

BURKS, J.

This claim, arising out of the death of a law enforcement officer killed in the line of duty, seeks payment of compensation to the decedent's beneficiary pursuant to the provisions of the "Law Enforcement Officers and Firemen Compensation Act", [hereafter, "the Act"] *Ch. 48, Sec. 281, et. seq., Ill.Rev.Stat., 1971.*

The court has carefully considered the application for benefits submitted on the form prescribed and furnished by the Attorney General; a written statement of the decedent's supervising officer; and a report by the Illinois Attorney General's office which substantiates matters set forth in the application. Hearing was held on this claim before the full court in Springfield on August 6, 1973, and counsel for the claimant submitted further written evidence and a memorandum of law on September 3, 1973. Based upon these documents and other evidence, the court finds as follows:

1. That the claimant, CHRISTINA CARR, is the wife of tpe decedent and, in the absence of any designation of beneficiary by the decedent, she would be entitled to the compensation payable pursuant to §3(a) of the Act.

2. That the decedent, LORING CARR, was employed as a game warden in the Law Enforcement Division of the Department of Conservation and was engaged in the active performance of his duties, within the meaning of §2(c) of the Act, on November 17, 1972.

3. That on said date at about 8:12 a.m., Officer Loring Carr was killed in an automobile accident on Route 67 about 13 miles south of Jacksonville. He was on patrol duty, in uniform, riding in a state owned patrol car equipped with state police radio, driven by a fellow law enforcement officer, Eugene Allen. [Officer Allen died in the same accident, and his death is the subject of Claim No. 00035 in this court.] That the said state patrol car was proceeding north in the northbound lane when the southbound automobile, driven by one David H. Liebman, crossed over the center line and into the path of the State Conservation Department vehicle; that the Liebman car crossed into the lane of traffic of the State Conservation Department vehicle without warning, at high speed, and without giving Officer Allen an opportunity to avoid the head-on collision.

4. That Officer Carr was killed in the line of duty as defined in §2(c) of the Act.

5. That the proof submitted in support of this claim satisfies all of the requirements of the Act, under literal interpretation, and the claim is therefore compensable thereunder.

The court wishes to add, parenthetically, that in several cases of this type we have felt some uncertainty as to the legislature's intent by the words underlined in the following definition in the Act:

§2(c) "killed in the line of duty" means losing one's life as a result of injury received in the active performance of duties as a law enforcement officer or fireman if the death occurs within one year from the date the injury was received and if that injury arose from violence or *other accecental cause.*"

We are mindful of the fact that the legislature's intent cannot always be determined from a particular clause or phrase without considering the general purposes of the

Act when reading it as a whole. There are other parts of the Act, as in §2(a), which leads us to believe that "*other accidental cause*" should include only such accidents that arise from the risks inherent in, and peculiar to, the duties of law enforcement; and that it would not include a normal hazard to which other persons may be equally exposed, i.e., a highway accident caused by the negligence or wrongful act of another party.

Nevertheless, we agree with claimant's memorandum, that the legislature added no such qualifying words to the phrase, "or other accidental cause". We urge the legislature to consider the necessity of clarifying this phrase, as we have indicated, so that the true intent of the legislature may be fully carried out, as mandated in *Ch. 131 §1.01, Ill. Rev. Stat., 1971.* Until the phrase in question is so clarified, we must administer the Act literally, as we have done in this opinion.

It Is HEREBY ORDERED that the sum of $10,000 (ten thousand dollars) be awarded to CHRISTINA CARR as wife and beneficiary of the deceased law enforcement officer, LORING CARR.