(No. 84-CC-0445—

*In re* APPLICATION OF BARBARA KLACZA.

*Opinion filed November 9, 1983.*

BARBARA KLACZA, *pro se*, for Claimant.

NEIL F. HARTIGAN, Attorney General (HANS G. FLAD-UNG, Assistant Attorney General, of counsel), for Respondent.

Roe, C.J.

This claim is before this Court by reason of the death of Wayne Klacza, a police officer for the city of Chicago. Barbara Klacza, the widow and sole designated beneficiary of the decedent, seeks compensation pursuant to the provisions of the Law Enforcement Officers and Firemen Compensation Act (Ill. Rev. Stat. 1981, ch. 48, par. 281 *et seq.*), hereinafter referred to as the Act.

The Court has carefully considered the application for benefits submitted on the form prescribed and furnished by the Attorney General, a written statement of the decedent's supervising officer along with documents submitted with that statement, and a report prepared by the Illinois Attorney General's office.

The record indicates that on June 28, 1983, the decedent reported for duty at the Area Center 4 Headquarters in Chicago at 5:00 p.m. At approximately 5:55 p.m. he was walking toward his assigned police vehicle from the south curb at 3148 W. Harrison Street to the north curb when an eastbound vehicle traveling at a high rate of speed suddenly swerved from the eastbound lane and struck the decedent in the westbound lane. After striking the decedent, the vehicle continued eastbound and struck parked vehicles further down the street. The decedent was taken to Mt. Sinai Hospital where he was pronounced dead at 6:56 p.m. The medical examiner's certificate of death lists the immediate cause of death as multiple injuries due to blunt trauma. The driver of the vehicle which struck the decedent was apprehended and charged with reckless homicide, possession of a controlled substance, and possession of marijuana.

The report by the Attorney General's office states that the Attorney General is unable to determine whether

the decedent's death meets the requisite of being killed in the line of duty as defined in the Act.

Section 2(e) of the Act (Ill. Rev. Stat. 1981, ch. 48, par. 282(e)), provides, in relevant part, that " 'killed in the line of duty' means losing one's life as a result of injury received in the active performance of duties as a law enforcement officer . . . if the death occurs within one year from the date the injury was received and if that injury arose from violence or *other accidental cause.*" (Emphasis added.)

This Court has previously dealt with that part of section 2(e) concerning the phrase "other accidental cause" and its applicability to cases involving traffic accidents which result in the deaths of law enforcement officers while on duty. In *Carr v. State* (1974), 29 Ill. Ct. Cl. 540, and *Allen v. State* (1947), 29 Ill. Ct. Cl. 540, we found that "other accidental cause" included the situation where two game wardens on patrol duty were killed when the car in which they were riding collided with a car driven by a civilian which crossed over the center line.

Although the decedent was not riding in a car when the fatal accident occurred, his situation is substantially similar to that of the officers in the cases cited above. We find, therefore, that Officer Klacza's death arose from an accidental cause covered by section 2(e) of the Act and that his death meets the requisite of being "killed in the line of duty" as defined in the Act.

It is hereby ordered that the sum of $20,000.00 be, and hereby is, awarded to Barbara Klacza, as the widow and sole designated beneficiary of Wayne Klacza.